# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOYA CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>GERARDO M. LOPEZ,<br><br>Defendant. | Case No.: 3:25-cv-02096-RBM-KSC<br><br>**ORDER:**<br><br>**(1) GRANTING THE UNITED STATES' MOTION TO SUBSTITUTE**<br><br>**(2) SUBSTITUTING THE UNITED STATES FOR DEFENDANT GERARDO M. LOPEZ AS THE DEFENDANT IN THIS ACTION**<br><br>**(3) DISMISSING DEFENDANT GERARDO M. LOPEZ FROM THIS ACTION WITHOUT PREJUDICE**<br><br>**(4) GRANTING UNOPPOSED EX PARTE APPLICATION FOR AN ORDER ESTABLISHING THE TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**<br><br>[Docs. 2, 3] |

On August 14, 2025, the United States of America (the "United States") filed a Notice of Removal of Civil Action pursuant to 28 U.S.C. § 2679(d)(2) ("Notice of Removal"). (Doc. 1.) In the Notice of Removal, the United States asserts that Plaintiff Loya Casualty Insurance Company ("Plaintiff") "filed a 'Complaint for Subrogation Recovery' in the Superior Court of California for the County of Imperial and named as defendant Gerardo M. Lopez ('Lopez')—a federal employee of the United States Customs and Border Protection ('CBP')." (*Id.* at 1.)

Pending before the Court are two motions: (1) the United States' Notice of Substitution of the United States in Place of Gerardo M. Lopez (Doc. 2), which the Court construes[1] as a Motion to Substitute, and (2) the United States' Unopposed Ex Parte Application for an Order Establishing Time to Respond to Plaintiff's Complaint (Doc. 3). For the reasons discussed below, the United States' motions are **GRANTED**.

## I.   MOTION TO SUBSTITUTE

On August 18, 2025, the United States filed a Notice of Substitution of the United States in Place of Gerardo M. Lopez ("Motion to Substitute") pursuant to 28 U.S.C. § 2679. (Doc. 2.) The United States asserts that, under the Federal Tort Claims Act ("FTCA"), federal employees are immune "from certain claims based on alleged tortious acts committed by them within the scope of their federal employment" because "a suit against the United States [is] the exclusive remedy for persons with such claims." (*Id.* at 2 (citing 28 U.S.C. § 2679(b)(1)).) The United States then asserts that the "[u]pon certification by the Attorney General that a federal employee was acting within the scope of their office or employment at the time of the incident out of which the state law claim arises, the FTCA provides that any civil action arising out of the incident shall be deemed an action against the United States, and the United States shall be substituted as the defendant with respect

---

[1] *See e.g.*, *Riggs v. Scripps Mem'l Hosp. Encinitas*, Case No. 3:24-cv-323-JM-MSB, 2024 WL 816612, at *1–2 (S.D. Cal. Feb. 27, 2024) (construing a Notice of Substitution as a Motion to Substitute).

to those claims." (*Id.* (citing 28 U.S.C. §§ 2679(d)(1)–(2)).) The United States explains that "[t]he Attorney General has delegated certification authority to the United States Attorney for the district where a civil action or proceeding is brought" (*id.* (citing 28 C.F.R. § 15.4)) and that "[t]he United States Attorney for the Southern District of California has re-delegated certification authority to the Chief of the Civil Division" (*id.* (citing S.D. Cal. Civil Division Policy 21-01)).

The United States has accurately summarized the relevant law. *See Adams v. United States*, 420 F.3d 1049, 1052 (9th Cir. 2005) ("The FTCA provisions for substituting the government for the 'employee of the government' as the defendant in an FTCA action were adopted as an amendment to the FTCA in 1988 … ."); *Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 743–44 (9th Cir. 1991) ("28 U.S.C. § 2679 … authorizes the Attorney General to certify that a United States employee was acting within the scope of his employment at the time of an incident which gave rise to a civil claim. Once certification is given in a civil action, the Reform Act mandates both the substitution of the United States as the defendant … .") (citations omitted). Further, the Civil Division Chief for the Southern District of California, Assistant United States Attorney Janet A. Cabral, properly certified that Lopez was acting within the scope of his employment as a CBP employee. (*See* Doc. 1-5 [Certification of Scope of Employment].)

Accordingly, the United States is **SUBSTITUTED** as the defendant in this action for Defendant Gerardo M. Lopez, and Defendant Gerardo M. Lopez is **DISMISSED** from this action **WITHOUT PREJUDICE**.[2] *See Riggs v. Scripps Mem'l Hosp. Encinitas*, Case No. 3:24-cv-323-JM-MSB, 2024 WL 816612, at *1–2 (S.D. Cal. Feb. 27, 2024) (granting motion to substitute the United States for a Department of Navy employee acting within the scope of her employment as the defendant in the action and dismissing the employee

---

[2] While the United States claims that Defendant Lopez is "entitled to dismissal *with prejudice*" (Doc. 2 at 2 (emphasis added)), the United States has not cited any authority in support of this assertion.

from the action without prejudice).

## II.     EX PARTE APPLICATION

The United States has also filed an Unopposed Ex Parte Application for an Order Establishing Time to Respond to Plaintiff's Complaint ("Ex Parte Application"). (Doc. 3.) In the Ex Parte Application, the United States requests an order establishing the time for it to respond to Plaintiff's Complaint. (*Id.* at 1.) The United States asserts that in an action originally filed in United States District Court against the United States, the time to respond to a complaint is 60 days after service, as set forth in Federal Rule of Civil Procedure 12(a). (*Id.* at 2.) The United States explains, however, that Rule 81(c), which governs the time to respond after removal, allows for a maximum of 21 days depending on the circumstances and does not distinguish between cases brought against the United States and those brought against non-federal defendants. (*Id.*) For this reason, the United States requests the 60 days typically afforded under Rule 12. (*Id.*) The United States further explains that "[t]he requested 60 days [is] necessary to ensure that the United States is able to obtain the information necessary to prepare a response from the agency, research the claims and potential defenses, determine whether Plaintiff exhausted administrative remedies, and prepare a proper defense." (*Id.* at 2–3.)

Federal Rule of Civil Procedure 6(b)(1) provides, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1).

Under Rule 81(c)(2), "[a] defendant who did not answer before removal must answer … within the longest of these periods: (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed." However, under Rule 12(a)(2), if the United States, a United States agency, or a United States officer or employee are sued in their official

capacity, they "must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney."  Because Rule 81(c)(2) does not distinguish between the United States and non-federal defendants, courts in this District have applied the 60-day deadline set forth in Rule 12(a)(2) to cases removed to federal court.  *See Riggs*, 2024 WL 816612, at *2 ("[S]ince the United States would have had sixty days to answer Plaintiffs' Complaint if the case had been originally filed in this court, the court finds it appropriate to find that the United States is entitled to the same period of time to respond in this removal action."); *Japanese Auto Tech LLC v. Nguyen*, Case No.: 24-cv-1290-W-MMP, 2024 WL 4547372, at *1 (S.D. Cal. July 31, 2024) ("The Court agrees with USPS that the logic behind giving federal agencies extra time to respond to civil complaints filed directly in federal court … applies equally to civil complaints removed to federal court.  Accordingly, the Court will import the 60-day response deadline from Rule 12(a)(2) over to Rule 81(c).").

      Here, the Court finds good cause to extend the deadline for the United States to respond to Plaintiff's Complaint.  First, the United States' Ex Parte Application is unopposed, and the Court may grant the Ex Parte Application on this basis alone.  *See* Ruth Bermudez Montenegro, U.S. District Judge, Civil Chambers Rules VI ("Ex parte applications that are not opposed within three (3) Court days may be considered unopposed and granted on that ground.") (emphasis removed).  Second, the Court agrees with the United States that it needs time "to obtain the information necessary to prepare a response from the agency, research the claims and potential defenses, determine whether Plaintiff exhausted administrative remedies, and prepare a proper defense."  (Doc. 3 at 2–3.) Finally, as set forth above, courts in this District often import the 60-day deadline from Rule 12(a)(2) to Rule 81(c).  *See Riggs*, 2024 WL 816612, at *2; *Japanese Auto Tech LLC*, 2024 WL 4547372, at *1.

      Accordingly, the United States' Ex Parte Application is **GRANTED**.  Under the present circumstances, the Court will impose the deadline set forth in Rule 12(a)(2), which says that the United States "must serve an answer to a complaint, counterclaim, or

1  crossclaim within 60 days after service on the United States attorney." Fed. R. Civ. P.
2  (a)(2). Because "the Office of the United States Attorney for the Southern District of
3  California first received notice of this matter and the federal agency's recommendation
4  regarding removal on August 11, 2025" (Doc. 3 at 2), the Court will impose a deadline to
5  respond to Plaintiff's Complaint of **October 10, 2025**.[3]

6      **IT IS SO ORDERED**.

7  DATE:  August 28, 2025

                                          HON. RUTH BERMUDEZ MONTENEGRO
                                          UNITED STATES DISTRICT JUDGE

---

27,28  [3] While the Court agrees that the deadline should run from the date of service on the United States Attorney, *see Japanese Auto Tech LLC*, 2024 WL 4547372, at *1–2, the date of service is not clear from the record before the Court.